# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK BORDERS and RACHEL WHIPPLE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TULARE; OFFICER ERIC TREVINO; OFFICER JULIA FRANCO; TULARE POLICE CHIEF JERRY BRECKERIDGE; CAPTAIN BROOKSHER; LT. LORI CANABA VILLASENOR; TULARE CITY MANAGER DON BOORMAN; BRAZIL LITIGATION; and MARIAN CORREIA,<br><br>Defendants. | CASE NO. 1:16-cv-1818-DAD-SKO<br><br>**ORDER DISMISSING COMPLAINT WITH 30 DAYS LEAVE TO AMEND**<br><br>(Doc. 1.) |

## I.     INTRODUCTION

On December 2, 2016, Plaintiff Jack Borders, proceeding pro se, filed a complaint against City of Tulare, Officer Eric Trevino, Officer Julia Franco, Tulare Police Chief Jerry Breckeridge, Captain Brooksher, Lt. Lori Canaba Villasenor, Tulare City Manager Don Boorman, "Brazil Litigation," and Marian Correia (collectively "Defendants").[1]  Plaintiff also filed an application to proceed *in forma pauperis* (IFP).  (Doc. 2.)

For the reasons set forth below, Plaintiff's complaint is DISMISSED with leave to amend.

## II.     PLAINTIFF'S COMPLAINT

Plaintiff's complaint is not a model of clarity.  However, the gist of the allegations is that Defendants violated Plaintiff's rights by depriving him of the "property" that is his children, who

---

[1] The complaint's caption also names Rachel Whipple as a purported plaintiff, but the complaint does not appear to allege any causes of action on her behalf.  (*See* Doc. 1.)

apparently are not currently in his custody. (*See* Doc. 1.) Plaintiff alleges that Defendants have refused to return his "non-contraband property" after he "warned Defendants on [May 18, 2015] to return Plaintiff's property." (*Id.* ¶ 10.)

Plaintiff brings two claims: "trespass" and "breach of contract." (Doc. 1 at 4–8.) Plaintiff's trespass claim alleges that Defendants

> arbitrarily and capriciously deprived Plaintiff [Jack Borders] of property [kids] . . . under 'color of law' without provision for a judicial trial by jury by reason of federal law exceeding Congressional authority under the federal constitution. See the prohibition against "Bills of Attainder" in Article 1, Section 9, Clause 3 of the United States Constitution; U.S. v. Min.. Public Intrest [sic] Research Group, 468 U.S. 841, 491 (1965); U.S. Const. Article 3 § 2, 3; Amendment 6.

(Doc. 1 ¶ 9.)

Plaintiff's breach of contract claim alleges that Plaintiff "has one valid consensual contract with each of the above named state officials" under the "sixth article of the constitution of the United States[, which] requires 'all executive and Judicial Officers both of the United States and of the Several States, shall be bound Oath or Affirmation, to support this Constitution.'" (*Id.* ¶ 11.) Plaintiff alleges further that

> [t]hese officials have failed to perform their office under oath, specifically denying multiple constitutional rights or specifically acting against or in excess of their office under a color of law: specifically depriving Plaintiff of due process under the fifth [sic] Amendment and depriving Plaintiff of property under the color of a law which is a form 'pains and penalties' forbidden by the 'Bills of Attainder' prohibition in the ninth section of the First Article of the federal constitution.

(*Id.* ¶ 12.)

### III.    DISCUSSION

**A.    Screening Standard**

District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court "shall dismiss the case at any time if the court determines" that the action is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *O'Neal v. Price*, 531

F.3d 1146, 1153 (9th Cir. 2008). An action is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *DeRock v. Sprint-Nextel*, 584 Fed. Appx. 737 (9th Cir. 2014); *see also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, to survive screening Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.     Plaintiff's Complaint is Dismissed with Leave to Amend**

    **1.     Plaintiff's Complaint Fails to Comply with Rule 8**

Finally, Plaintiff's complaint does not contain a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must "give fair notice and state the elements of the claim plainly and succinctly." *Jones v. Community Redev. Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted). While detailed allegations are not required, a plaintiff must set

forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Twombly,* 550 U.S. at 555 (internal quotations and citations omitted).

Plaintiff's complaint is neither short nor plain. The complaint itself is eight pages, but attaches over 60 pages of exhibits of documents from state and federal court proceedings, correspondence with various state agencies, copies of certified mail receipts, and handwritten documents titled "Victim Impact Statement," "Complaint," "Final Notice and Request to Return Confiscated Property," and "Demand Letter," among others. (*See* Doc. 1.) Plaintiff's eight-page complaint lacks important factual details regarding what happened and who was involved. For example, there are nine defendants who are named in Plaintiff's complaint. However, Plaintiff does not specifically identify what each defendant allegedly did that was improper and caused him harm. It is not sufficient for Plaintiff to use the term "defendant" without any further identifying information. When multiple defendants are named, the plaintiff must allege the basis of his claims as to each defendant; it is improper to simply lump defendants together. *See Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1040 (N.D. Cal. 2015); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014). In other words, Plaintiff must identify the specific wrongful acts that each defendant performed and how each defendant either caused Plaintiff harm or is responsible for Plaintiff's harm. *See id.* With respect to Plaintiff's exhibits, while permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The function of the complaint is not to list every single fact or attach every document relating to Plaintiff's claims.

Plaintiff's complaint is not in compliance with Rule 8(a). If Plaintiff elects to amend his complaint, he must meet the requirements of Rule 8. For each claim, Plaintiff shall clearly and succinctly set forth the facts that Plaintiff believes give rise to that claim, including the identity of the defendant(s) involved.

//

//

### 2. Plaintiff Has Not Pled Any Cognizable Federal Claim.

Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is determined and must exist at the time the complaint is filed. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint, and not amended complaint, for subject matter jurisdiction).

This Court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties, (*id.*,) and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear his claims.

Here, Plaintiff's claims for trespass and breach of contract sound in state law and therefore cannot provide a basis for federal question jurisdiction. *See Scott v. Fox*, No. 2:16-cv-1927 KJN P, 2017 WL 999463, at *4 (E.D. Cal. Mar. 15, 2017) ("[S]tate law . . . breach of contract claims do not confer federal subject matter jurisdiction."); *Hill v. Cullum*, No. 2:12-cv-1314 GEB GGH PS, 2012 WL 12883190, at *2 (E.D. Cal. Aug. 27, 2012), report and recommendation adopted, No. 2:12-cv-1314 GEB GGH PS, 2012 WL 12883191 (E.D. Cal. Sept. 21, 2012) (dismissing action with prejudice for lack of subject matter jurisdiction where the non-diverse plaintiff "raise[d] only state law claims," including trespass.). To the extent that Plaintiff is attempting to allege a civil rights claim under federal law, however, the Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The statue plainly requires there be an actual nexus or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Rizzo v.*

5

*Goode*, 423 U.S. 362, 371 (1976).

> A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

As set forth above, Plaintiff fails to specifically link any defendant in this action to his claims. In Plaintiff elects to amend his complaint to plead a claim under 42 U.S.C. § 1983, he must allege what each defendant did or did not do that resulted in the violation of his constitutional rights.[2]

### 3. The Court Lacks Diversity Jurisdiction over Plaintiff's State Law Claims.

Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."

Plaintiff has not alleged the parties' citizenship is completely diverse. Plaintiff's complaint alleges that Plaintiff and Defendants are all California residents (Doc. 1 at ¶¶4–5), which destroys the requisite complete diversity in this case. *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that diversity jurisdiction requires "complete diversity of citizenship")). Accordingly, this Court lacks diversity jurisdiction.

### 4. Plaintiff May File An Amended Complaint.

In sum, Plaintiff's complaint fails to comport with Rule 8 and does not plead a cognizable federal claim. At this time, the Court will not grant Plaintiff's motion to proceed *in forma pauperis*. Instead, the Court will permit Plaintiff to file an amended complaint that follows the directives of this order. *Cf. Rodriguez v. Steck,* 795 F.3d 1187, 1188 (9th Cir. 2015) ("denial of

---

[2] It appears that some of the defendants identified in Plaintiff's complaint are private actors. Plaintiff is advised that, where defendants are private actors engaged in private conduct, there is no state action. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (". . . § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."); *Lim v. Central Du Page Hosp.*, 871 F.2d 644, 645 (7th Cir. 1989) (holding that conduct of a private hospital and private physicians was not "state action."); *cf. West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.").

leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile").

An amended complaint must be legible, must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff files an amended complaint, it will be reviewed and a determination regarding *in forma pauperis* status will be made.

If Plaintiff does not timely file an amended complaint or fails to cure the deficiencies identified above, Court will recommend that *in forma pauperis* status be denied and the complaint be dismissed with prejudice.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
3. If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend that *in forma pauperis* status be denied and the complaint be dismissed with prejudice.

IT IS SO ORDERED.

Dated:   **March 23, 2017**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE