# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK BORDERS,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF TULARE; OFFICER ERIC TREVINO; OFFICER JULIA FRANCO; TULARE POLICE CHIEF JERRY BRECKERIDGE; CAPTAIN BROOKSHER; LT. LORI CANABA VILLASENOR; TULARE CITY MANAGER DON BOORMAN; BRAZIL LITIGATION; and MARIAN CORREIA,<br><br>                    Defendants. | CASE NO. 1:16-cv-1818-DAD-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Doc. 3.)** |

## I.      INTRODUCTION

On December 2, 2016, Plaintiff Jack Borders, proceeding pro se, filed a complaint against City of Tulare, Officer Eric Trevino, Officer Julia Franco, Tulare Police Chief Jerry Breckeridge, Captain Brooksher, Lt. Lori Canaba Villasenor, Tulare City Manager Don Boorman, "Brazil Litigation," and Marian Correia (collectively "Defendants").[1]  Plaintiff also filed an application to proceed *in forma pauperis* (IFP).  (Doc. 2.)  On March 23, 2017, the undersigned dismissed Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8 and lack of subject matter jurisdiction, and granted Plaintiff thirty (30) days leave to file an amended complaint curing the pleading deficiencies identified in the Order.  (Doc. 3.)  More than thirty days have lapsed without Plaintiff having filed an amended complaint.  (*See id.* and Docket.)

---

[1] The complaint's caption also names Rachel Whipple as a purported plaintiff, but the complaint does not appear to allege any causes of action on her behalf.  (*See* Doc. 1.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this Order, why this action should not be dismissed for his failure comply with the Court's March 23, 2017 Order by not filing an amended complaint within the specified period of time.** The Court further CAUTIONS Plaintiff that, if he fails to file this statement within twenty-one (21) days of the date of service of this Order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: __**June 5, 2017**__ 　　　　　　　　　　 ___/s/ *Sheila K. Oberto*___
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

2