# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK BORDERS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF TULARE; OFFICER ERIC TREVINO; OFFICER JULIA FRANCO; TULARE POLICE CHIEF JERRY BRECKERIDGE; CAPTAIN BROOKSHER; LT. LORI CANABA VILLASENOR; TULARE CITY MANAGER DON BOORMAN; BRAZIL LITIGATION; and MARIAN CORREIA,<br><br>    Defendants.<br>_____/ | Case No. 1:16-cv-01818-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS CASE SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER**<br><br>**(Doc. 4)**<br><br>**OBJECTIONS DUE: 14 DAYS** |

**INTRODUCTION**

On December 2, 2016, Plaintiff Jack Borders, proceeding pro se, filed a complaint against City of Tulare, Officer Eric Trevino, Officer Julia Franco, Tulare Police Chief Jerry Breckeridge, Captain Brooksher, Lt. Lori Canaba Villasenor, Tulare City Manager Don Boorman, "Brazil

Litigation," and Marian Correia (collectively "Defendants").[1] Plaintiff also filed an application to proceed *in forma pauperis* (IFP). (Doc. 2.) On March 23, 2017, the undersigned dismissed Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8 and lack of subject matter jurisdiction, and granted Plaintiff thirty (30) days leave to file an amended complaint curing the pleading deficiencies identified in the Order. (Doc. 3.) Plaintiff failed to file an amended complaint. (*See* Docket.)

On June 6, 2017, the Court entered an Order to Show Cause ("OSC") ordering Plaintiff to file a statement showing cause why the Court should not recommend to the presiding district court judge that this action be dismissed for Plaintiff's failure to comply with the Court's March 23, 2017 Order by not filing an amended complaint within the specified period of time. (Doc. 4.) In its OSC, the Court cautioned Plaintiff that, if he failed to file this statement within 21 days of service of the OSC, the Court would recommend to the presiding district court judge that this action be dismissed, in its entirety. (*Id.*) More than 21 days of service of the OSC have elapsed without Plaintiff having filed a response to the OSC. (*See* Docket.)

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address);

---

[1] The complaint's caption also names Rachel Whipple as a purported plaintiff, but the complaint does not appear to allege any causes of action on her behalf. (*See* Doc. 1.)

2

*Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik*, 963 F.2d at 1260–61; *Thompson*, 782 F.2d at 831. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The OSC expressly ordered Plaintiff to file a statement showing cause why the Court should not recommend to the presiding district court judge that this action be dismissed for failing to comply with the Court's March 23, 2017 Order by not filing an amended complaint within the specified period of time. (Doc. 4.) Thus, Plaintiff had adequate warning that sanctions, up to and including dismissal of the case, would result from his noncompliance with the OSC.

Accordingly, pursuant to Local Rule 110 and the Court's inherent power to sanction, the undersigned RECOMMENDS that this case be DISMISSED with prejudice.

//

**CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that this case be DISMISSED with prejudice for failing to comply with the Court's Orders entered March 23 and June 6, 2017.

The Court further DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 6, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE